852 F.2d 1293
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David M. CIROCCO, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 88-3155.
 United States Court of Appeals, Federal Circuit.
 June 14, 1988.
 
 Before MARKEY, Chief Judge, RICH and PAULINE NEWMAN, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), No. PH07528710083, sustaining the removal of petitioner David M. Cirocco for "Trafficking of Controlled Substances on/off Postal Premises," is affirmed.
 
 OPINION
 
 2
 Petitioner contends that the Postal Service wrongly invoked the "crime provision" of 5 USC Sec. 7513(b)(1), by giving him only seven days' notice to respond to the charges against him. We think Sec. 7513(b)(2) also has some bearing on this argument. As to the crime provision of subsection (b)(1), if petitioner's contention is that the Postal Service erred in removing him in less than thirty days because there was not "reasonable cause" to believe he had committed a crime, his contention is without foundation. At the time he received his "Notice of Charges--Removal," petitioner was under federal indictment for distribution of controlled substances. The investigation leading to that indictment was carried out by the Postal Service, and the same acts by petitioner supported both the indictment and his removal. Given these facts, the Postal Service had reasonable cause to believe petitioner had committed a crime for which a sentence of imprisonment could be imposed. Thus, under Sec. 7513(b)(1), the Postal Service was not obligated to give him "at least 30 days' advance written notice" of his removal. And if, as petitioner says, he was given seven days to respond to the charges, then Sec. 7513(b)(2) was not violated because that subsection clearly states that employees are to be given "not less than 7 days" to answer charges of misconduct.
 
 
 3
 Petitioner asserts that the Postal Service wrongly fired him for a "conviction" of a crime, prior to his plea of guilty in a district court. He refers to a paragraph of the Notice of Charges which reads:
 
 
 4
 By your actions you are in violation of Part 661.53 of the Employee and Labor Relations Manual which states, "No employee will engage in criminal, dishonest, notoriously disgraceful or immoral conduct, or other conduct prejudicial to the Postal Service. Conviction of a violation of any criminal statute may be grounds for disciplinary action by the Postal Service in addition to any other penalty by or pursuant to statute."
 
 
 5
 This paragraph does refer to a "conviction," but the Postal Service's charge against petitioner was "Trafficking of Controlled Substances on/off Postal Premises," not that he had actually been convicted of any crime. Certainly, the Postal Service was not required to wait for the criminal proceedings against petitioner to be completed before removing him.
 
 
 6
 Petitioner also claims a due process violation in that his crimes "were indeed engineered by Agency Authorities for the conviction and thus should be disallowed...." Petitioner, however, is precluded from raising this point. Before the board's decision sustaining his removal, he pleaded guilty in district court to two drug charges and a judgment was entered finding him guilty of those charges. His present due process argument could have been raised in the district court, but it was not. The principle of collateral estoppel precludes its assertion now.
 
 
 7
 Next, petitioner objects to the board's reliance on certain testimony. In finding the nexus requirement to have been proved, the board relied on the testimony of a Postal Inspector, who testified that petitioner's arrest, and the arrest of thirteen other Postal workers for similar offenses, garnered an enormous amount of negative publicity for the Postal Service. Petitioner says that the publicity garnered by other Postal employees is not relevant to his case. We disagree. The negative publicity arising out of the arrest of several Postal workers on drug related charges tends to prove that such misconduct interferes with or adversely affects the agency's mission, which is one way of establishing nexus. See Kruger v. Department of Justice, 32 M.S.P.R. 71, 74 (1987).
 
 
 8
 Petitioner asserts with regard to the penalty imposed that, contrary to the board's findings, he was not on "direct notice" that drug dealing was punishable by removal. He does not dispute, however, that the Postal Service has a strong policy against the sale or use of controlled substances. Whether petitioner bothered to inform himself about that policy is of little import. We are not convinced that the penalty of removal was unreasonable.
 
 
 9
 Finally, petitioner asserts that when he became a suspect in the Postal Service's drug investigation, "it should have been determined if I was a user of drugs and referred to a treatment program rather than be set upon by an agent and induced into selling him drugs." This contention is without merit because petitioner bore the burden of proving that he was handicapped by drug abuse, Kulling v. Department of Transportation, 24 M.S.P.R. 56, 58 (1984), but he introduced no evidence on this point.
 
 
 10
 We affirm the decision of the board because it is not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. See 5 USC 7703(c).